## Z. WESTBROOKS v. MARY JEFFERS AND OTHERS.

1. A widow, being sued for her homestead on which she and her husband had executed and duly acknowledged a deed of trust, offered to prove by a witness that she was induced to execute the deed by fraudulent representations and false promises. *Held*, that it was error to exclude the evidence on the ground that she could not go behind her acknowledgment of the deed.

2. The case of Baxter v. Dear, 24 Texas, 17, cited by the court, and approved as to the relief to be extended to a married woman against a mortgage on the homestead.

3. It may well be doubted whether a widow is ever bound by her promise made during coverture to pay a debt of her deceased husband, unless it was for goods furnished during coverture on the credit of her separate estate.

4. The case of Stone v. Darnell, 20 Texas, 11, as to the nature of the homestead right, cited by the court with approbation.

APPEAL from Navarro. Tried below before the Hon. N. Hart Davis.

The appellant was plaintiff in the court below and brought this suit in October, 1862, against Elijah Jeffers (who died during its rogress) and his wife, the appellee, to recover a tract of land in ro county, the homestead of the defendants. The plaintiff derived his title by purchase at a trust sale, made by virtue of a

deed of trust, executed by Jeffers and wife on the twenty-fifth of October, 1859, to secure Jeptha H. Sessions and Robert R. Jackson in a judgment debt of some $1100 against Elijah Jeffers alone. Sessions was made the trustee and was empowered to sell, on default of payment, on or before August 25, 1860.   The property was offered for sale by Sessions, as trustee, on the fifth day of March, 1861, when Mrs. Jeffers forbade the sale and gave notice that the deed was procured from her by fraud.   The land was struck off to a bidder at $800, but the sale was left unconsummated by reason of differences between the bidder and the trustee.

A second sale was had on the twentieth of April, 1861, and Westbrooks, the plaintiff, became the purchaser at the sum of $1395, and received a conveyance from the trustee. Mrs. Jeffers forbade this sale also.   Westbrooks was the uncle of Sessions and the father-in-law of Jackson, and very intimate with both.   This, with the facts stated in the opinion, suffices to show the character of the case.

Mrs. Jeffers filed an answer under oath, setting forth fraudulent and false promises and representations made to her by Sessions and Jackson, to induce her to join her husband in executing the deed of trust.   The case came to a trial in March, 1867, when the jury returned a verdict for the defendants, and they had judgment; but a new trial was then granted to the plaintiff.

In March, 1868, the second trial was had, resulting also in verdict and judgment for the defendants.   In its progress the defendants offered the deposition of one McElroy, to prove the false representations and promises alleged in Mrs. Jeffers's answer. The plaintiff objected that she could not go behind her acknowledgment of the deed to prove that it was procured by fraud. The court sustained the objection and excluded the deposition.

There is a very considerable volume of evidence in the record, but in view of the rulings by this court there is no occasion to detail it.

A new trial being refused to the plaintiff, he appealed.

*Mills & Halbert* and *A. Beaton*, for the appellant, insisted that the appellee was estopped from impeaching her deed, citing Luter v. Rose, 20 Tex., 639. They also argued that the appellant was an innocent purchaser for value and without notice, and not to be affected by any fraud of Sessions and Jackson, citing Story on Sales, 159; Lee v. Postwood, 41 Miss., 111; Barnes v. Hardeman, 15 Tex., 866; 13 Tex., 621; 10 Johnson, 186; 18 Johnson, 516; Boone v. Chiles, 10 Peters's, 177; Wood v. Mann, 1 Sumner, 500, and other authorities.

*Wm. Croft*, for the appellee.—A wife may join her husband in a sale, or in a power of attorney to sell the homestead, but she can at any time, before the attorney in fact has acted, revoke the power of attorney. A deed of trust is no more than a power of attorney, authorizing the trustee to sell after such a time, but when it involves the homestead, and the trustee proceeds to sell, after he has been forbidden by the wife or her attorney, the sale becomes forced, and consequently prohibited by the Constitution, which does not admit of infraction or evasion; and an action for possession, of this character, is only an action to foreclose the deed of trust or mortgage, which the laws do not warrant or authorize, against the homestead. (Constitution, art. vii., § 22; Sampson & Keene v. Williamson and wife, 6 Tex. R., 102; Stone v. Darnell, 20 Tex. R., 14.)

The homestead is beyond the power of legislative authority. (Wood v. Chambers, 20 Tex. R., 247; Baxter v. Dear, 24 Tex. R., 17; North v. Shearne, 15 Tex. R., 176.)

The courts have no power to eject a married woman, and particularly the surviving widow, from the homestead. That is even beyond the power of legislation, after the homestead has been once acquired.

In this instance the judgment creditors became the trustee and attesting witnesses, to subject the homestead, without considera-

tion, to the payment of their judgment, under their deed of trust, when they could not otherwise have sold the property under the judgment.

They were interested parties and incapable of doing their debtor justice, as their actions afterwards proved; and it is respectfully submitted, in view of these facts, that the deed showed fraud upon its face, and an attempt to subvert the provisions of the Constitution and the repeated decisions of the Supreme Court.

WALKER, J.—This case has been twice tried by a jury in the district court, resulting both times in a verdict and judgment for the appellee. The verdict was predicated, we do not doubt, upon the evidence charging Sessions and Jackson with fraud in obtaining the deed of trust from Jeffers and wife, and we are not disposed to find any fault with the findings of the jury. We think they are right. We have carefully examined the record, and feel satisfied that the deed of trust was obtained, so far as Mary Jeffers was concerned, by fraud, covin and misrepresentation; that it was without consideration and void to all intents; and that, from all the facts shown, the appellant is chargeable with notice of the fraud, and that he was aiding and assisting Sessions and Jackson to carry it out; that his purchase at the trustee sale was not a *bona fide* purchase, and that he should take nothing by it. The errors committed by the district court were against the appellee, and such as would lead to a reversal were she now complaining of them. It was error for the court to exclude the evidence of M. L. McElroy, on the ground that Mrs Jeffers could not go behind her acknowledgment of the trust deed (or mortgage) to show that is was obtained by fraud, and that she did not execute it "willingly." If a deed could not be impeached after its execution, it would certainly be a matter of interest to the profession and the public to know when it could be impeached. The so-called deed of trust, given by Jeffers and wife to Sessions and Jackson, was

simply a mortgage to secure a pre-existing judgment against Jeffers, not in any way connected with the purchase money. The wife joined her husband in its execution after Jackson, upon the honor of a Christian, a gentleman and a Mason, had assured her that by signing the mortgage she would protect her homestead from her husband's old Houston creditors. He knew better, and his asseverations were false to every attribute of the sacred characters he assumed. Gentlemen, Christians and Masons do not make misrepresentations and state falsehoods to enable them covertly to obtain advantage over the property of married women.

In Baxter v. Dear, 24 Texas R., p. 17, it is said : "The court will protect a wife in her homestead rights, if properly presented, against a creditor, seeking by its decree to subject to the payment of his debt the homestead, upon which she has joined her husband in executing a mortgage."

This case would be conclusive of the case at bar, even in the absence of fraud in the execution of the mortgage.

But it may be well doubted whether a widow is in any case bound to pay the debt of her deceased husband on a promise made during coverture, unless it be to pay for goods furnished during coverture on the credit of her separate estate. Such is the current of recent English decisions. The courts in New York have taken the same ground. (See Parsons on Contracts, vol. 1, p. 362.)

The case of Stone v. Darnell, decided by this court in 20 Texas R., 11, fully discusses the high and sacred character of the homestead right, fixed and protected by the Constitution, and placed even beyond the power of legislation.

It is wholly unnecessary for us to discuss the doctrine applicable to sales by sheriffs and trustees under orders of court or trustees' notices. We are fully of the opinion that both the sales made by the trustee in this case were void, and could in no way affect the right of the appellee to her homestead.

· The judgment of the district court is affirmed, and the case dismissed with costs to the appellee.

Affirmed.